UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| AUTUMN PAULS,<br><br>　　　　　　Petitioner,<br><br>v.<br><br>BRENT REINKE, Warden, BRIAN UNDERWOOD,<br><br>　　　　　　Respondents. | Case No. 4:08-CV-00519-EJL<br><br>**MEMORANDUM DECISION AND ORDER** |

Currently pending in this habeas corpus matter is Respondent's Motion for Summary Judgment. (Dkt. 28.) The Court finds that the decisional process will not be aided by oral argument, and it shall resolve this matter on the parties' written submissions and the record. D. Idaho L. Civ. R. 7.1(d). For the reasons set forth more fully below, Respondent's Motion will be granted, and this case will be dismissed with prejudice.

## BACKGROUND

In September 1999, Petitioner, who was then 15 years old, assisted her aunt in killing the girlfriend of her aunt's estranged husband. (State's Lodging B-1, p. 1.) The State charged Petitioner with first degree murder and conspiracy to commit murder, and it notified Petitioner that it intended to seek the death penalty. (State's Lodging A-1, pp. 42-45, 47.) Before trial, Petitioner entered a guilty plea to one count of first degree

**MEMORANDUM DECISION AND ORDER - 1**

murder in exchange for the State's agreement to dismiss the conspiracy charge, recommended a life sentence with a 15-year fixed portion, and to recommend further that Petitioner serve her sentence in a juvenile facility until she was 21 years old. (State's Lodging C-4, Exhibit B, p. 4.)

At the sentencing hearing, the district court found that it would not be appropriate to place Petitioner solely in the custody of the Idaho Department of Juvenile Correction (IDJC) because IDJC would be required to release her by age 21, and "the outrageous nature of this crime demands more." (State's Lodging A-2, p. 71.) The court also found that it would be equally inappropriate for Petitioner to begin serving a prison sentence in an adult facility at her young age and in light of certain mitigating factors that suggested possible rehabilitation. (State's Lodging A-2, pp. 71-72.) Therefore, the court attempted to impose a "blended" juvenile and adult sentence under Idaho Code § 20-509(4). Specifically, the court sentenced Petitioner to life in prison, with the first 12 years fixed, but then suspended the prison sentence and placed Petitioner on probation in the custody of juvenile corrections officials, conditional upon Petitioner's agreement that she comply with all reasonable programming requirements and that, upon her release, she would "be sentenced for the remainder of [her] determine term in the custody of the Idaho State Department of Corrections." (State's Lodging A-2, pp. 72-73, 75-76.) Petitioner accepted those terms. (State's Lodging A-2, p. 73.)

Petitioner successfully completed certain programs while in residential custody, and after two years the IDJC issued a final progress report to the district court declaring

**MEMORANDUM DECISION AND ORDER - 2**

that Petitioner "has demonstrated that she is prepared to return to the community and resume the responsibilities of a productive member of society." (State's Lodging A-5; April 7 2003 Progress Report, p. 1.) The district court then set a hearing to clarify Petitioner's remaining sentence. (State's Lodging A-1, p. 148.) At that hearing, Petitioner's counsel argued that because Petitioner had not violated any terms of her probation, the district court did not have the authority under state law to re-impose a previously suspended prison sentence. (State's Lodging A-3, pp. 8-14.) The court disagreed, noting that its intent was for Petitioner to serve 12 years to life, and it remanded her to the custody of the Idaho Department of Correction. (State's Lodging A-3, pp. 33-37.)

Petitioner appealed and argued that the district court erred in revoking her probation. (State's Lodging B-1, pp. 2-6.) The Idaho Court of Appeals concluded that the district court lacked the authority to suspend the original prison sentence in the first place or to place Petitioner on probation. (State's Lodging B-3, p. 5.) In reaching that conclusion, the Court of Appeals found that while Idaho Code § 20-509(4) allows for a "blended sentence," that statutory provision was also subject to Idaho Code § 2601, which prohibits a district court from suspending any prison sentence upon a conviction of murder or treason. (State's Lodging B-3, p. 5.) Because Petitioner pled guilty to a charge of first degree murder, the suspension of her prison sentence and placement on probation created an illegal sentence. The Idaho Court of Appeals vacated the judgment of conviction and remanded the case for resentencing. (State's Lodging B-3, p. 5.)

**MEMORANDUM DECISION AND ORDER - 3**

On remand, Petitioner filed a motion to withdraw her guilty plea, alleging that a material element of the plea agreement called for the prosecutor's recommendation of a blended sentence, which included the possibility that she would be released from custody on or before she turned 21 years old. (State's Lodgings C-1, C-3.) The district court issued a written memorandum decision denying the motion after concluding that the record did not support Petitioner's allegations. (State's Lodging C-11.)

Petitioner was again sentenced to 12 years determinate, followed by an indeterminate period of life, in the custody of the Idaho Department of Correction. (State's Lodging C-14, p. 99.) The judgment of conviction was entered on July 22, 2005. (State' Lodging A-7.) Petitioner did not appeal from the judgment, nor did she submit an application for post-conviction or other collateral relief until she filed a "Motion to Clarify Sentence" over three years later, in November 2008.[1]

On December 1, 2008, Petitioner initiated the present habeas action, alleging that she (1) was deprived of her Sixth Amendment right to the effective assistance of counsel during the state criminal process, (2) was deprived of her Eighth Amendment right against cruel and unusual punishment because a correctional officer sexually abused her, and (3) was retaliated against by other correctional officials for complaining of the sexual abuse, in violation of the First and Fourteenth Amendments. (Dkt. 3.) In its Initial Review Order, the Court dismissed the second and third claims without prejudice as not

---

[1] Based on the docket in *State v. Pauls*, Twin Falls County Case No. CR 00-502, it appears that the state district court has never ruled on this motion. www.idcourts.us

**MEMORANDUM DECISION AND ORDER - 4**

cognizable in a habeas proceeding, but allowed Petitioner to proceed on her claim of ineffective assistance of counsel. (Dkt. 5, p. 7.)

In compliance with the Court's Order, Respondent has filed an Answer and a Motion for Summary Judgment. Respondent argues that the Petition must be dismissed either as untimely or because Petitioner did not properly exhaust the remaining (or any) federal claim in the Idaho Supreme Court. (Dkt. 28-1, pp. 3-11.) Respondent also contends that Petitioner is not entitled to relief on the merits. (Dkt. 28-1, pp. 11-19.) Petitioner has filed a Response (Dkt. 31) and an "Answer to Respondent's Answer to Petition for Writ of Habeas Corpus" (Dkt. 32), which the Court construes as a traverse.

The Court has carefully considered the parties' filings, together with the record herein, and is now prepared to issue its ruling. The Court is persuaded that the Petition is untimely, and it will dismiss this case on that basis.

## STANDARD OF LAW

Habeas petitions filed after the enactment of the 1996 Antiterrorism and Effective Death Penalty Act (AEDPA) are subject to a one-year statute of limitations. 28 U.S.C. § 2244(d). The one-year period begins to run from the date of one of four triggering events, as specified in 28 U.S.C. § 2244(d)(1)(A)-(D). The most common event is the date upon which the judgment became final in state court, either after the direct appeal has concluded or after the time for seeking an appeal expired. 28 U.S.C. § 2244(d)(1)(A).

To encourage the proper exhaustion of state court remedies, the statute of limitations is tolled or suspended for all of "[t]he time during which a properly filed

**MEMORANDUM DECISION AND ORDER - 5**

application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). This is known as "statutory tolling."

The period also may be tolled for equitable reasons when extraordinary circumstances prevented the petitioner from filing on time ("equitable tolling"). *Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010). A litigant seeking equitable tolling bears the burden of establishing that he has been pursuing his rights diligently and that some extraordinary circumstance stood in his way. *Holland*, 130 S.Ct. at 2562 (citing *Pace v. DeGuglielmo*, 544 U.S. 408, 418 (2005)).

## DISCUSSION

In 2005, after the Idaho Court of Appeals had remanded her case, Petitioner filed a motion to withdraw her guilty plea, which was denied by the state district court. The district court then resentenced her to life in prison with 12 years fixed, and a new judgment was entered on July 22, 2005. Petitioner did not appeal from the new judgment, which became final for purposes of the statute of limitations when the time to appeal elapsed on September 2, 2005, *see* Idaho Appellate Rule 14, and the federal one-year limitations period started to run on that date. 28 U.S.C. § 2244(d)(1)(A). Petitioner did not file an application for post-conviction relief or any other collateral action in state court during the one year period such that the statute of limitations would have been tolled under 28 U.S.C. § 2244(d)(2). Therefore, unless she can show that she is entitled to equitable tolling, the limitations period ran unabated and expired on September 2, 2006,

**MEMORANDUM DECISION AND ORDER - 6**

over two years before she came to federal court.

In attempt to establish equitable tolling, Petitioner claims that her counsel told her not to appeal after the 2005 resentencing because it would hurt her chances for parole. (Dkt. 12, pp. 2-3.) She suggests that counsel's advice in this respect was coercive and caused her to forfeit her rights, but this is not the type of extraordinary circumstance that would qualify Petitioner for equitable tolling. The record shows that the district court notified Petitioner personally of her right to appeal at her resentencing hearing (State's Lodging C-14, p. 100), and there is no evidence that her counsel affirmatively prevented her from appealing, attacking her conviction or sentence collaterally in a state post-conviction proceeding, filing a timely federal habeas petition, or that he otherwise engaged in serious misconduct that is the direct cause of her late filing. *Cf. Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010) (holding that attorney misconduct, coupled with a petitioner's diligent attempts to pursue claims, can toll the limitations period). To be sure, Petitioner should not be penalized at a parole hearing for exercising her right to challenge her conviction and sentence, but counsel's advice—perhaps grounded in practical experience—was not coercive in a legal sense. Petitioner has also not set forth sufficient factual detail to establish that she was diligently pursuing her rights during the entire time that she now seeks to have tolled. *See Roy v. Lampert*, 465 F.3d 964, 969 (9th Cir. 2006).

Petitioner next contends that her access to legal resources has been limited, but prisons are not obligated to stock full law libraries or to give legal advice. The Constitution requires only that prisons provide inmates with minimal assistance for access

**MEMORANDUM DECISION AND ORDER - 7**

to the courts. *Lewis v. Casey*, 518 U.S. 343, 356-57 (1996). In addition, ignorance of the law and a lack of legal sophistication are, unfortunately, common among pro se habeas petitioners and are not the type of extraordinary circumstances that would warrant equitable tolling. *Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006).

In her responses, Petitioner comments extensively about her trial counsel's performance during pre-trial process and sentencing hearing, and about her understanding of the plea agreement and the original sentencing terms. She claims that her counsel told her, incorrectly, that she would be released on parole if she did well in juvenile custody, and she asserts that her decision to plead guilty was based on this information. These are merits-based arguments that do not explain why Petitioner waited until December 2008 to raise her claims in a federal habeas corpus petition.

In any case, the state district court addressed similar arguments when Petitioner attempted to withdraw her guilty plea in 2005, and it issued a well-reasoned written decision denying relief. (State's Lodging C-11, *April 21, 2005 Memorandum Decision and Order Re: Defendant's Motion to Withdraw Guilty Plea*.) The state court found that Petitioner had been informed in open court that she could be sentenced up to life in prison and that the trial court's original sentence, though later determined to be illegal by the Idaho Court of Appeals, contemplated that she serve at least 12 years before she could be released into the community. (State's Lodging C-11, pp. 14-18.) The court also found that while Petitioner's "memory may be different" as of 2005, "[o]n the record before the court there is no way to conclude that [Petitioner] misunderstood, as of October 2000,

**MEMORANDUM DECISION AND ORDER - 8**

what she was being offered." (State's Lodging C-11, p. 13.) These findings and conclusions are supported by the record.[2]

Even if this case were timely, then, Petitioner would be unable to show that she is entitled to relief because the state court's decision was not contrary to or involved an unreasonable application of clearly established federal law, nor was it based on an unreasonable determination of the facts in light of the evidence presented in state court. *See* 28 U.S.C. § 2254(d) (setting out the standards for federal habeas relief); *see also Ylst v. Nunnemaker*, 501 U.S. 797 (1991) (holding that a federal court must review the last reasoned state court decision).

Accordingly, Respondent's Motion will be granted, and the Petition will be dismissed.

## CERTIFICATE OF APPEALABILITY

As required by Rule 11 of the Rules Governing Section 2254 Cases, the Court evaluates this case for suitability of a certificate of appealability ("COA"). *See also* 28 U.S.C. § 2253(c).

A habeas petitioner cannot appeal unless a COA has issued. 28 U.S.C. § 2253. A COA may issue only when the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This showing can be established by

---

[2] It is possible that Petitioner may have *later* interpreted the terms of her sentence to mean that she could be released to the community if she successfully completed programs while in the custody of the IDJC, but that is a different question than whether she understood this to be an essential term of the plea agreement at the time that she agreed to plead guilty. The state court record disproves that she was laboring under such an impression when she entered her guilty plea.

**MEMORANDUM DECISION AND ORDER - 9**

demonstrating that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner" or that the issues were "adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)).

The Court does not believe that reasonable jurists would debate its determination that the Petition is untimely. The Court will not issue a COA, though Petitioner is advised that she may still seek one in the Ninth Circuit Court of Appeals pursuant to Rule 22 of the Federal Rules of Appellate Procedure and Local Ninth Circuit Rule 22-1. To do so, she must first file a timely notice of appeal in this Court.

## ORDER

IT IS ORDERED:

1. Respondents' Motion for Summary Judgment (Dkt. 28) is GRANTED.

2. A certificate of appealabilty will not issue in this case. If Petitioner files a timely notice of appeal, and not until such time, the Clerk of Court shall forward a copy of the notice of appeal, together with this Order, to the Ninth Circuit Court of Appeals. The district court's file in this case is available for review online at www.id.uscourts.gov.

DATED: **March 14, 2011**

Honorable Edward J. Lodge
U. S. District Judge